# Croyle, Appellant, *v.* Johnstown Water Company.

*Water companies—Eminent domain—Territorial rights—Special charter—Power to furnish within city limits—Incidental furnishing to suburban districts—Effect of Constitution of 1873—Acceptance of Act of April 29, 1874, P. L. 73—Ultra vires acts—Right of private parties—Remedy by Commonwealth—Act of June 19, 1871, P. L. 1360—Bill in equity—Injunction—Dismissal.*

1. Where the taking of water by a water company is mainly for the purpose of supplying citizens within the proper territorial limits

of the company, the furnishing of a small supply to persons outside of the limits is a mere incident of the main purpose and the taking will not be enjoined.

2. A water company has the right to condemn as much water as is reasonably necessary, not only for present purposes, but for future needs.

3. A water company incorporated by a special act for the purpose of supplying water to five boroughs named and the vicinity thereof, did not lose its charter rights, at the adoption of the Constitution of 1873, or by its acceptance of the Corporation Act of April 29, 1874, P. L. 73, and where the boroughs were subsequently consolidated into a city, the corporation did not exceed its charter rights by supplying water in the vicinity of such city, where it did so merely as an incident to the business of supplying water to the city.

4. Where the true purpose of condemnation of water by a water company is to furnish a territory beyond the original charter limits, such question can be inquired into only by the Commonwealth upon an appropriate proceeding, but not by a bill in equity under the Act of June 19, 1871, P. L. 1360, at the instance of a private person; and a bill in equity alleging such purpose and seeking to enjoin such taking was properly dismissed.

*Practice, Supreme Court—Equity—Final decree—Quashing appeal.*

5. Where on bill in equity no final decree is entered after overruling exceptions, a motion to quash the appeal will prevail, but in the absence of such motion the case will be decided on the merits.

Argued Sept. 26, 1917. Appeal, No. 111, Oct. T., 1917, by plaintiff, from decree of C. P. Somerset Co., Equity Docket, 1910, No. 14, refusing an injunction, in case of Elsie Croyle v. Johnstown Water Company. Before MESTREZAT, POTTER, STEWART and MOSCHZISKER, JJ. Affirmed.

Bill in equity for an injunction. Before BAILEY, P. J.

The opinion of the Supreme Court states the facts.

The court on final hearing dismissed the bill. Plaintiff appealed.

*Errors assigned* were in dismissing exceptions to various findings of fact and conclusions of law, and the decree of the court.

*J. A. Berkey,* with him *Norman T. Boose,* for appellant.—The Johnstown Water Company's charter of April 11, 1866, P. L. 723, was limited by acceptance of the Constitution of 1873 and the Act of April 29, 1874, P. L. 73, relating to corporations, and it has no right to supply water outside of its district: Wallace v. Lehigh Water Co., 1 Northampton Co. 117; West Easton Spring Water Co., 9 D. R. 546; Tyrone Gas & Water Co. v. Tyrone Boro., 195 Pa. 566; Bly v. White Deer Mt. Water Co., 197 Pa. 80.

*J. C. Davies,* with him *Uhl & Ealy,* for appellee.— The right of this company to supply water in the vicinity of Johnstown was decided in Blauch v. Johnstown Water Co., 247 Pa. 71.

If the defendant in the exercise of its corporate powers, makes an improper use of the water which it takes, it is answerable to the Commonwealth alone. The plaintiff has no standing to ask the court to pass upon any such alleged misbehavior: Blauch v. Johnstown Water Co., 247 Pa. 71; Mier v. Citizens Water Co., 250 Pa. 536.

OPINION BY MR. JUSTICE POTTER, January 7, 1918:

This was a bill in equity, praying for an injunction to restrain the defendant company from appropriating the water of the north fork of Ben's Creek, in Somerset County, and from entering upon and laying pipes or water mains upon or through plaintiff's land. After hearing upon bill, answer and proofs, the trial judge directed a decree nisi to be entered, refusing an injunction and dismissing the bill at the costs of plaintiff. Exceptions were filed and overruled, but there was no final decree. If, for that reason, counsel for appellee had moved to quash this appeal, the motion must have prevailed.

The first question here involved, as stated by counsel for appellant, is as follows: "Does a water company chartered by a special act of assembly prior to the Con-

stitution of 1873, and the Corporation Act of April 29, 1874, P. L. 73, for the purpose of supplying water to five adjacent boroughs and vicinity, by accepting the Constitution and the provisions of said act and supplements thereto, have power, after the consolidation of said five boroughs together with large additional territory into a new municipality, to furnish water to all the territory embraced within said new municipality, and to other separate municipalities in the vicinity thereof?"   In Blauch v. Johnstown Water Co., 247 Pa. 71, it was held that the Johnstown Water Company, the present appellee, has the right to supply water in the entire City of Johnstown, and for that purpose to exercise the power of eminent domain.   It is, however, contended that the decision in that case does not rule the question here raised, because the water company is seeking to appropriate the water of Ben's Creek and a right of way over plaintiff's land "for the purpose of supplying water to a number of municipalities outside of its charter limits, although adjacent to and in the vicinity thereof."   It is true that defendant is supplying water to persons outside the limits of Johnstown, but such supply is incidental to its main purpose, which is the supply of water to the public in the City of Johnstown, so that the case falls within the principle of Mier v. Citizens Water Co., 250 Pa. 536, in which it was held (syllabus), "where the taking is mainly for the purpose of supplying citizens within the proper territorial limits of the company, the furnishing of a small supply to persons outside of the limits is a mere incident of the main purpose and the taking will not be enjoined."

The defendant company was originally incorporated by a special act of assembly approved April 11, 1866, P. L. 723, for the purpose of introducing water into the five boroughs named in the act, "and the vicinity."   The trial judge has found, as a fact, that the territory outside the City of Johnstown, which is supplied by defendant com-

pany, is in the vicinity of the boroughs named in its charter.

In Blauch v. Water Co. (supra), it was held "that the water company neither lost nor surrendered, in accepting the provisions of the Act of 1874, the franchise or privilege, specially conferred upon it by the Act of 1866, to supply five named boroughs with water." It naturally follows that the right to supply the territory in the vicinity of the five boroughs survived in like manner. Counsel for appellant rely upon the case of Bly v. White Deer Mt. Water Co., 197 Pa. 80. But there the water company attempted to supply water directly to the public in townships and municipalities, to which its charter did not admit it. In the present instance the supply of water to outside territory is incidental. The Bly case has been distinguished in later decisions: Bland v. Tipton Water Co., 222 Pa. 285; Blauch v. Johnstown Water Co., 247 Pa. 71, 77; Mier v. Citizens Water Co., 250 Pa. 536, 540. But, aside from this, as the court below very properly said: "If the true purpose of this condemnation was to furnish a territory beyond the original charter limits, that is a matter to be inquired into by the State upon an appropriate proceeding, but not by a bill in equity under the Act of June 19, 1871, P. L. 1360, at the instance of a private person."

Counsel for appellant also question the right of defendant company to appropriate a water supply in anticipation of future needs. The trial judge, however, found as a fact, upon sufficient evidence, that there was "a reasonable necessity" for the appropriation and use of the waters of the north fork of Ben's Creek, in addition to the sources of supply previously appropriated. The company had the right to condemn as much water as was reasonably necessary, not only for present purposes, but for future needs. See Boalsburg Water Co. v. State College Water Co., 240 Pa. 198.

The assignments of error are overruled, the decree of the court below is affirmed, and this appeal is dismissed at the cost of appellant.