## Hanna, Appellant, *v.* Lykens Water Co.

*Corporations—Water companies—Extension to adjacent territory—Eminent domain—Acts of June 19, 1871, P. L. 1360, and May 21, 1901, P. L. 270—Equity.*

1. Where a water company appropriates water for its general purposes, and the furnishing of water to those outside its limits is merely an incident, a landowner cannot, by a bill in equity under the Act of June 19, 1871, P. L. 1360, restrain a proposed taking. The Commonwealth alone may interfere.

2. A water company which has the right under the Act of May 21, 1901, P. L. 270, to extend its service into territory adjacent to that covered by its charter, may exercise the right of eminent domain for the purpose of supplying such additional territory, and

this is the case although the right of eminent domain is not expressly given by the act, as the original grant of power followed.

3. In such case, the fact that a coal mining company will receive the most advantage for an additional supply of water, is immaterial as affecting the right to condemn.

Agued May 22, 1923.  Appeal, No. 12, May T., 1923, by plaintiff, from decree of C. P. Dauphin Co., Equity Docket No. 486, dismissing bill in equity, in case of Alfred F. Hanna v. Lykens Water Company.  Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.  Affirmed.

Bill for injunction.  Before Fox, J.
The opinion of the Supreme Court states the facts.
Bill dismissed.  Plaintiff appealed.

*Error assigned,* inter alia, was decree, quoting it.

*James K. Jackson* and *J. Dress Pannell,* for appellant. —Defendant does not have the power under its charter to condemn and appropriate water to supply beyond the Borough of Lykens: Bly v. Water Co., 197 Pa. 80.

The Act of 1901 does not give the power to condemn: Crescent Pipe Line Co.'s Petition, 56 Pa. Superior Ct. 201, 206; Lance's App., 55 Pa. 16, 25; Phillips v. Dunkirk, 78 Pa. 177, 180; P. R. R. Co.'s App., 93 Pa. 150, 159; Pittsburgh Junc. R. R. Co.'s App., 122 Pa. 511, 531; Groff's App., 128 Pa. 621, 635; Woods v. Gas Co., 204 Pa. 606, 611; Edgewood R. R. Co.'s App., 79 Pa. 257; Com. v. R. R., 27 Pa. 339, 361; Snee v. R. R., 210 Pa. 480, 483; Packer v. R. R., 19 Pa. 211, 218.

The power to condemn cannot be inferred: Penn'a R. R. Co.'s App., 93 Pa. 150, 159; Pgh. Junc. R. R. Co.'s App., 122 Pa. 511, 531; Groff's App., 128 Pa. 621, 635; Woods v. Gas Co., 204 Pa. 606, 611; Crescent Pipe Line Co.'s Petition, 56 Pa. Superior Ct. 201, 206.

The water sought to be condemned is to be used for a private purpose: Jacobs v. Water Supply Co., 220 Pa. 388; Pa. Mut. Life Ins. Co. v. Phila., 242 Pa. 47.

Extension No. 2 is not adjacent to the Borough of Lykens, as required by Act of 1901: Gring v. Water Co., 20 Pa. Dist. R. 891; Camp Hill Boro., 142 Pa. 511.

The proposed acts of defendant are ultra vires and plaintiff has a standing in equity to maintain this action: Raystown Water Power Co. v. Brumbaugh, 246 Pa. 225.

*Mulford Morris,* with him *A. L. Williams* and *Michael E. Stroup,* for appellee.—The company has the right of eminent domain: Jacobs v. Water Supply Co., 220 Pa. 388; Keller v. Water Co., 161 Pa. 422; Mier v. Water Co., 250 Pa. 536; Croyle v. Water Co., 259 Pa. 484; Gring v. Water Co., 270 Pa. 232, 238; Pioneer Coal Co. v. R. R., 272 Pa. 43, 54; Burkhard v. Water Co., 234 Pa. 41; Rockwell v. Keefer, 39 Pa. Superior Ct. 468; Brown v. Electric Light Co., 208 Pa. 453; Allentown v. Wagner, 27 Pa. Superior Ct. 485; Camp Hill Boro., 142 Pa. 511.

The fact that a coal company will receive the principal benefit from the condemnation is immaterial: Pioneer Coal Co. v. R. R., 272 Pa. 43; Oliver v. Bridge Co., 197 Pa. 344; Bland v. Water Co., 222 Pa. 285.

OPINION BY MR. JUSTICE SADLER, June 23, 1923:

Certain owners of land, through which Rattling Creek passes, conveyed to the Lykens Coal Company,—now the Susquehanna Collieries,—their riparian rights in the stream. In 1885 the latter gave the Water Company, appellee,—chartered in 1883, for the purpose of "supplying water to the borough and vicinity of Lykens,"— the right to use any surplus flow not needed by it. By the legislation in force the grantee had the power to condemn, but no effort to make use of this privilege was at the time attempted, and it operated within its chartered limits under the deed referred to. After the pas-

sage of the Act of May 21, 1901, P. L. 270, property holders adjoining the borough took advantage of its provisions, and, by due proceedings, the right to supply water was extended to the new territory. In 1911, those residing beyond asked for similar benefits, and again a petition was presented in the manner designated by law. In this instance, the land added was not contiguous to the borough line, but adjoining that covered by the first expansion.

Plaintiff became possessed, by descent from his father, —the latter having purchased in 1905,—of the fee to the property of the grantors who conveyed the original water right to the Lykens Coal Company. He complained of the extension of territory to be supplied when the effort to do so was made in 1911, but the exceptions filed attacking the regularity of the action were dismissed, and it is admitted the requirements of the Act of 1901 were complied with. Question is raised, however, as to the power of defendant to take water adversely to furnish service to the new consumers so added, and the condemnation for this purpose is here challenged by a bill in equity, filed in 1911, to restrain the proceedings which had been regularly begun with this purpose in view. Ten years later the case was brought to trial, and a decree finally entered for the defendant, from which this appeal is taken.

The right of plaintiff to maintain this suit is first denied. If he has any standing, it must be found in the power given the court to review certain corporate acts by the statute passed in 1871 (Act of June 19, 1871, P. L. 1360). The applicability of this legislation to various classes of cases has been in the past the subject of many decisions by this court, and, due to the difference of facts involved, led to the making of statements in opinions which seemed to be divergent, and caused confusion. The authorities dealing with the subject have been so ably and recently summarized by the present Chief Justice (Gring v. Sinking Spring Water

Co., 270 Pa. 232), that further general discussion of the rights of parties to invoke its aid is unnecessary.

In the present instance, the water company undoubtedly could have exercised the power of eminent domain to secure a supply for the needs of the Borough of Lykens, and the mere fact that it failed to do so immediately, when chartered, did not work an abandonment. Even when one condemnation has been had, another may follow, when necessity requires: Burkhard v. Penna. Water Co., 234 Pa. 41. Though, prior to the Act of 1901, it had no power to take solely for furnishing of service to "the vicinity" (Bly v. White Deer Mt. Water Co., 197 Pa. 80), yet, where the appropriation is for general purposes, and the furnishing of those outside merely an incident, it is held in the more recent cases, the landowner cannot restrain the proposed taking, but the Commonwealth alone may interfere (Croyle v. Johnstown Water Co., 259 Pa. 484; Mier v. Citizens Water Co., 250 Pa. 536; Gring v. Sinking Spring Water Co., supra, p. 243), and we think this rule applicable to the present case.

It is to be remembered that the Act of 1901, passed after the decision in Bly v. White Deer Mt. Water Co., supra, permitted expansion of territory upon petition of property owners, duly recorded, and, thereafter, the water company was privileged to extend its service, and the procedure, required to effect this result, was followed here. We now find express authority for developing the public service of a company, chartered under the Act of 1874, with its supplements, into a definitely fixed "vicinity." It is true nothing is said in the statute mentioned of the right of eminent domain, but this privilege had already been conferred to cover the necessities of the borough, and, when the legislature saw fit to permit the broadening of the scope of its activities, giving, as noticed, additional rights to water companies, and incidentally imposing reciprocal duties upon them, if advantage was taken of the act, the original grant of power followed; otherwise the new obligations assumed

could not, in many cases, be complied with. In principle, this is recognized in Burkhard v. Penna. Water Co., supra, p. 54, when it is said: "The increasing demands on the company for additional service compel the company to enlarge its plant as occasion requires which can only be done effectively by the exercise of the power of eminent domain. To deny it the right to exercise this power as the exigencies of its business demand is to defeat the purpose for which the company was incorporated and to prevent its performing a duty imposed by its charter. It will not be assumed that the State intended to authorize a water company to supply water to the public perpetually as it does in such charters, and withhold from the company" the effective means of carrying the power into execution.

Though convinced the complainant cannot maintain the present proceeding as a party injured, under the Act of 1871, reference may be made to the suggestion that the proposed condemnation is in reality solely for the benefit of the Susquehanna Collieries Company,—a private corporation, which will receive most advantage by an additional supply of water,—rather than the public at large. Under the facts found, what was recently said in Pioneer Coal Co. v. C. & D. R. R. Co., 272 Pa. 43, thoroughly answers this contention, and the argument there presented need not be repeated.

This disposition of the case makes unnecessary any detailed review of the findings of fact and law of the learned court below. Suffice to say, all have been examined, and, on the merits, the conclusion finally reached is fully justified. All of the assignments of error must be overruled.

The decree is affirmed at the cost of appellant.