## Susquehanna Pipe Line Company v. Sprenkle.

*Schmidt, Keesey, Stair & Kurtz*, for applicant; *J. Edgar Small*, contra.

NILES, P. J., Sept. 8, 1930.—On Aug. 4, 1930, the Susquehanna Pipe Line Company presented to this court its petition, setting forth necessary preliminary facts and alleging that Harry R. Sprenkle had refused to accept the bond tendered and asking approval by the court and that the same be filed. Upon a rule granted an answer was filed on behalf of Harry R. Sprenkle.

The answer (a) denies that the Susquehanna Pipe Line Company is a public service corporation under the Act of April 29, 1874, P. L. 73, and its supplements and amendments; (b) is a denial that the company is vested with the power of eminent domain; (c) "it is averred that the resolutions passed by the board of directors of the Susquehanna Pipe Line Company is not adequate and is misleading, for the reason that said resolutions declare that respondent's property is appropriated and condemned for the purpose of constructing a pipe line for the transmission of petroleum and/or oil for the public, whereas this is not the real intention or purpose of such condemnation, but the real intention of condemning respondent's property of the Susquehanna Pipe Line Company is to construct, maintain and operate a pipe line

for the transmission of gasoline, which is a refined petroleum product;" *(d)* "respondent avers that there is no proof that the parties could not agree as to the amount of damages."

The objection *(a)* is substantially that the company possesses no legal charter.

The only reason for this objection which was insisted upon at the argument is that neither the general Act of April 29, 1874, P. L. 73, as amended by the Act of June 2, 1883, P. L. 61, and the Act of April 30, 1929, P. L. 896, gives to such a company any privilege to transport "products of oil or petroleum," but limits its right to oil and/or petroleum themselves. This objection is based upon the allegation, of which there is no proof, that the real purpose of the company in placing the proposed pipe line is to carry gasoline and *not*, as the resolution and petition allege, "for the transportation of petroleum and/or oil for the public."

Incidental to the argument on this objection, counsel pointed to the purpose of incorporation as set forth in the charter of March 28, 1930, as follows: "2nd. Said corporation is formed for the purpose of transporting, storing, insuring and shipping petroleum and refined petroleum products, and to construct, maintain and operate such pipe lines, tanks and facilities as are necessary and proper for the conduct of said business, and said pipe line or pipe lines to run within the Commonwealth of Pennsylvania, including a pipe line or pipe lines beginning at or near the vicinity of the village of Linwood," etc.

It is urged by respondent's counsel that this charter purpose exceeded the purposes authorized by the act of the legislature, and that, therefore, the Governor exceeded his legal authority in approving the charter, and the Public Service Commission exceeded its authority in granting a certificate of public convenience; that the inclusion in the charter purpose of "refined petroleum products" without specific authority makes the charter ineffective. It is further pointed out that "there is an entire absence of an expression of purpose to serve the public, and, therefore, this corporation has no claim under the Act of 1883, P. L. 61, to the right of eminent domain."

Notwithstanding the learned and forceful argument of counsel for the respondent, our conclusion is that there is nothing in the objection which in this proceeding to approve this bond can be sustained. The Susquehanna Pipe Line Company, under the Public Service Law of July 26, 1913, P. L. 1374, is a public service company and has the duty of furnishing and maintaining service for the public; and there has been issued to it by the Public Service Commission a certificate of public service. The insertion of an additional statement in the charter does not deprive the company of the status given it by the Governor and Secretary of the Commonwealth and the Public Service Commission. The petitioner is vested by the Act of June 2, 1883, P. L. 61, as amended April 30, 1929, P. L. 896, with the power of eminent domain. The Act of June 2, 1883, P. L. 61, is valid. The reference to the 18th clause of section 1 of the Act of 1874 is manifestly merely a clerical error. It is clear that the legislature intended the 18th clause of section 2. The courts will disregard such a clerical error and enforce the statute in accordance with the obvious legislative intent: Lehigh Valley Coal Co. *v.* U. S. Pipe Line Co., 3 Dist. R. 70; Keller *v.* Com., 71 Pa. 413; Lancaster County *v.* Frey, 128 Pa. 593; Lancaster County *v.* Lancaster City, 160 Pa. 411. In this proceeding as now presented to this court, the validity of the petitioner's charter cannot be questioned: Crescent Pipe Line Co., 2 Dist. R. 93.

The approval of this bond is not an adjudication of the right to appropriate: Katharine Water Co., 32 Pa. Superior Ct. 94; Bond of Equitable Gas

Co., 72 Pa. Superior Ct. 371. The allegation of an intent to use the pipe line illegally in contradiction of the legal intent stated in the resolution and the bond cannot be inquired into now: Gring v. Sinking Spring Water Co., 270 Pa. 232; Croyle v. Johnstown Water Co., 259 Pa. 484.

And now, to wit, Sept. 8, 1930, the bond of the Susquehanna Pipe Line Company to Harry R. Sprenkle, filed Aug. 4, 1930, with the United States Fidelity & Guaranty Company as surety, is approved as filed for the use and benefit of the owner, or such others as may be found entitled to the payment of damages thereunder, in accordance with the prayer of the petition of said company filed on the same day.