## Heppenstall v. Leng, Appellant.

*Equity—Jurisdiction—Cloud on title—Cancellation of written instrument.*

The jurisdiction of a court of equity to remove clouds from title is an independent source or head of jurisdiction, and whenever a deed or other instrument exists which may be vexatiously or injuriously used against a party after the evidence to impeach or invalidate it is lost, or which may throw a cloud or suspicion over his title or interest, and he cannot immediately protect or maintain his right by any course of proceedings, a court of equity will afford relief by directing the instrument to be delivered up and canceled, or by making any other decree, which justice or the rights of the parties may require.

A bill in equity to quiet title may be maintained where it appears

that plaintiff has title to the premises, that by an agreement he had sold the property to another who is in possession of it but refuses to accept the title sold him by reason of an outstanding adverse title, and that the adverse title is in the defendant. In such a case as neither plaintiff nor defendant is in possession, ejectment will not give the plaintiff the remedy he desires and needs; nor will the Acts of May 25, 1893, P. L. 131, or April 16, 1903, P. L. 212, give him an adequate remedy, inasmuch as plaintiff is not in possession of the premises.

Argued March 13, 1907. Appeal, No. 182, Oct. T., 1906, by defendant, from decree of C. P. No. 2, Allegheny Co., Jan. T., 1905, No. 254, sustaining bill in equity in case of George T. Heppenstall v. Christian F. Leng. Before FELL, BROWN, MESTREZAT, ELKIN and STEWART, JJ. Affirmed.

Bill in equity to quiet title. Before OVER, J., specially presiding.

The opinion of the Supreme Court sufficiently states the case.

*Error assigned* was ,the decree of the court in favor of the plaintiff.

*J. S. Ferguson,* with him *E. G. Ferguson,* for appellant.

*Lyon, Hunter & Burke,* for appellee.—A court of equity has jurisdiction to entertain the bill of complaint in this cause: Brush Electric Co.'s App., 114 Pa. 574; Mortland v. Mortland, 151 Pa. 593; Johnston v. Price, 172 Pa. 427; Boyd v. American Carbon Black Co., 182 Pa. 206; Pratt v. Waterhouse, 158 Pa. 45; Thompson's App., 107 Pa. 559; Hilborn v. Wilson, 17 Pa. C. C. Rep. 346.

OPINION BY MR. JUSTICE MESTREZAT, April 1, 1907:

The learned judge of the court below has so fully vindicated his conclusions on the merits of the case in the able and exhaustive opinion filed by him, that we need not enter into a discussion to sustain his findings. He has found and stated the facts at length to which no error is alleged here by the appellant.

The right of a party in possession of, and claiming title to, real estate to. invoke the aid of a chancellor in removing a

cloud from his title is well settled.    In Dull's Appeal, 113 Pa. 510 we held, as stated in the syllabus, that the jurisdiction of a court of equity to remove clouds from title is an independent source or head of jurisdiction, and that whenever a deed or other instrument exists which may be vexatiously or injuriously used against a party, after the evidence to impeach or invalidate it is lost, or which may throw a cloud or suspicion over his title or interest, and he cannot immediately protect or maintain his right by any course of proceedings, a court of equity will afford relief by directing the instrument to be delivered up and canceled, or by making any other decree, which justice or the rights of the parties may require.    In Story's Equity Jurisprudence (12th ed), sec. 711a it is said : " It is very common in courts of equity to entertain suits, for the purpose of removing a cloud resting upon the plaintiff's title.    This is done upon the ground, that it is for the interests of both parties that the precise state of the title to the estate be known if all are acting bona fide ; and if not, that a merely colorable and pretended claim is a fraud upon the real owner, and as such be extinguished."    In speaking of the principle upon which a court entertains a bill quia timet, Mr. Bispham in the seventh edition of his Principles of Equity, sec. 568, says : " The principle upon which the court acts in such cases is that justice sometimes requires that a man shall not be compelled to have hanging over him, or his title, for an indefinite time, some claim or demand or liability, which, if enforced, would subject him to loss ; but that he is entitled to have the questions relating to his rights settled at once and forever, to have the claim against his rights immediately enforced, or to be presently made secure against any future liability."

We are clear that the bill filed by the plaintiff presents a case for equitable jurisdiction.    The learned judge finds that " the plaintiff acquired title to land in this county which he subsequently, by written agreement, contracted to convey to the National Mortar and Supply Company, which entered into and retains possession, but refused to comply with the agreement of sale on account of an outstanding adverse title in the defendant, and this bill is filed to have said title declared void."    It will, therefore, be observed that the plaintiff has title to the premises, that by an agreement he has sold

the property to another who is in possession of it but refuses to accept the title sold him by reason of an outstanding adverse title, and that the adverse title is in the defendant. These facts make it apparent that only a court of equity can furnish a complete and adequate remedy for the plaintiff. It is conceded that the defendant's title is adverse and casts a cloud upon the plaintiff's title. If the defendant, or anyone claiming under him, or anyone claiming adversely to the plaintiff's title, was in possession of the premises, the plaintiff would be put to his ejectment. Here, however, as will be noticed, the defendant is not in possession of the premises, neither is the plaintiff in possession, and the party who is in possession claims through and by virtue of the plaintiff's title. Ejectment, therefore, will not give the plaintiff the remedy he desires and needs. He does not wish possession of the land nor to attack the title of the party in possession, but simply desires to convey a good title to his vendee, who refuses to accept a conveyance until the cloud which the defendant's title casts is removed. Both the plaintiff and his vendee desire to complete the sale and have the title conveyed according to the agreement. It, therefore, becomes necessary that the plaintiff have removed from his title the cloud which the defendant's title casts upon it, and his remedy is clearly within equitable jurisdiction.

It is further contended by the learned counsel of the defendant that the plaintiff cannot maintain a bill to quiet his title in a court of equity, but is required to proceed in the common pleas according to the provisions of the Act of May 25, 1893, P. L. 131. We will assume that the learned counsel means the Act of April 16, 1903, P. L. 212, 2 Purd. (13th ed.) 1304, which repealed the first section of the act of 1893, and was in force at the time this bill was filed. The first section of the act of 1903 provides as follows: "Whenever any person, not being in possession thereof, shall claim or have an apparent interest in or title to real estate, it shall be lawful for any person in possession thereof, claiming title to the same, to make application to the court of common pleas of the proper county, whereupon a rule shall be granted upon said person not in possession, to bring his or her action of ejectment within six months from the service of such rule upon him or her, or show

cause why the same cannot be so brought." The act then makes provision for the service and disposition of the rule, and directs that judgment shall be entered against the party served with the rule on his failure to appear and show cause why the ejectment cannot be brought. A moment's consideration will show that the plaintiff cannot invoke the aid of this act to remove the cloud from his title or, as between him and the defendant, to have his rights to the real estate in question determined. It is, as will be seen, a jurisdictional prerequisite under this act that a party who seeks its assistance must be in possession of the real estate. "Any person in possession thereof" may obtain a rule upon a party claiming an adverse interest to appear and show cause why he should not bring an action of ejectment. A party out of possession has no standing to institute a proceeding under the act, for the obvious reason that he may maintain an action of ejectment at common law to assert his title against anyone in possession claiming adversely to him. This and prior kindred legislation was enacted for the purpose of providing a person in possession of real estate with a remedy for quieting his title, which did not exist at common law, by compelling an adverse claimant out of possession to bring his ejectment, and failing to do so, thereafter to be deprived of the right to bring the action and contest such person's title to the premises. In the case at bar, the learned trial judge has found as a fact, and it is indisputable, that the plaintiff is not in possession of the premises. That is a jurisdictional fact which defeats the plaintiff's right to proceed under the act of 1903. If he were in possession the act would apply and he could rule the defendant to bring his ejectment, but as he has neither the possession nor the right to the possession as against his vendee, the statutory remedy can afford him no relief.

The assignment of error is overruled, and the decree of the court below is affirmed.