## Hemphill v. Ralston et al., Appellants.

*Ejectment—Rule to bring ejectment—Petition for issue—Practice, C. P.—Acts of April 16, 1903, P. L. 212, and June 10, 1893, P. L. 415—Confounding proceedings under the two acts—Party in possession—Amendment.*

1. In proceedings to bring ejectment under the Act of April 16, 1903, P. L. 212, or under the Act of June 10, 1893, P. L. 416, for an issue to quiet title, the proceedings must be instituted by the party in possession, and this finding of fact is jurisdictional and must appear on the record. In neither proceeding is the question of title to be settled in disposing of the rule.

2. If the record does not show which of the parties was in possession, the proceedings will be dismissed.

3. Where the record shows an application for a rule to bring ejectment under the Act of April 16, 1903, P. L. 212, a decree awarding an issue in express terms under the Act of June 18, 1893, P. L. 415, is fatally defective.

4. In such case the order entered must conform to the case as made out by the pleading, and be consistent with the relief prayed for.

5. It seems that an amendment might be allowed in such case to bring the petition and its prayer within the scope of the statute under which assistance is actually sought.

Argued October 2, 1923. Appeal, No. 68, Oct. T., 1923, by defendants, from order of C. P. Butler Co., March T., 1922, No. 181, awarding an issue to quiet title, in case of Solomon Hemphill v. E. L. Ralston et al. Before Moschzisker, C. J., Frazer, Walling, Simpson, Kephart, Sadler and Schaffer, JJ. Reversed.

Petition for rule to bring ejectment as provided by the Act of April 16, 1903, P. L. 212. Before Reiber, P. J.

The opinion of the Supreme Court states the facts.

The court entered the following decree:

"And now, January 10, 1923, an issue is awarded wherein E. L. Ralston, Frank C. Ralston and William Ralston shall be the plaintiffs, and Solomon Hemphill

shall be the defendant, to determine the right and title of the respective parties to said land in controversy; the petition and answer to constitute the pleadings; abstract of title to be filed by the parties within thirty days from date, if not already filed, as provided by the Act of Assembly of June 10, 1893, P. L. 415."

Defendants appealed.

*Error assigned* was decree, quoting record.

*John H. Wilson,* for appellants.—Petitioner having failed to make out the averments of his petition and bring himself within the provisions of the Act of 1903, the rule should have been discharged.

The two acts provide two different methods of procedure: Fearl v. Johnstown, 216 Pa. 205; Titus v. Bindly, 210 Pa. 121; Ullom v. Hughes, 204 Pa. 305; West v. Hanna, 57 Pa. Superior Ct. 445; Mildren v. Nye, 240 Pa. 72.

*John R. Henninger,* for appellee.

OPINION BY MR. JUSTICE SADLER, January 7, 1924:

Hemphill, a resident of Butler County, presented this petition to the court of common pleas, praying for a rule to show cause why the Ralston heirs should not bring ejectment for a small strip of land to which they claimed title, and therein averring the ownership and possession of the property in question to be in him. The application was plainly based upon the provisions of the Act of March 8, 1889, P. L. 10, as amended by the Act of April 16, 1903, P. L. 212, enacted for the purpose of "settling titles to real estate." The procedure to be followed differs from that set forth in the Act of June 10, 1893, P. L. 415, section 2, also designed "for the quieting of titles to land." Both were intended to provide a speedy remedy for the ascertainment of the rights of the occupant as against adverse claimants, and furnish exclusive

remedies for the settlement of such disputes as are comprehended within their terms: Warrington v. Brooklyn Trust Co., 274 Pa. 80. In each instance, however, the proceeding must be instituted by the one in possession, and the finding of this fact is jurisdictional, whether the application be to compel the bringing of an action in ejectment under the Act of 1903 (Mildren v. Nye, 240 Pa. 72), or for an issue as permitted by the Act of 1893: Bell's Petition, 259 Pa. 495. In neither case is the question of title to be settled in disposing of the rule: Notley's Petition, 263 Pa. 377; Clark v. Clark, 255 Pa. 574.

Here an answer was filed denying either ownership or possession to be in petitioner, and a hearing had at which testimony of the respective parties was heard. Later, an order was made in which it is declared "there is a substantial dispute as to which of the parties, plaintiff or defendants, is in possession, [and] we are of the opinion, therefore, that an issue should be framed, under the Act of 1893." No conclusion was reached as to the person who actually held the tract in controversy. If it was not the petitioner, then, as already stated, the application must be dismissed, for a preliminary finding in the affirmative is necessary to confer jurisdiction, regardless of the act on which the proceeding was based. If the defendants are in control, the proceeding falls, for it must be instituted by the "person in possession," and when both parties are out of possession, the legislation referred to does not apply: Heppenstall v. Leng, 217 Pa. 491. Though the right to award an issue, in case of substantial dispute as to occupancy, might be gathered from certain expressions used in Fearl v. Johnstown, 216 Pa. 205, yet any such construction has been repudiated, and the ruling therein explained: Mildren v. Nye, supra. It is therefore clear that the present record must be remitted, so that the proper and necessary finding be made.

Since this is so, attention may further be called to the fact that the application presented to the court was to

compel the bringing of ejectment as provided by the Act of 1889, amended in 1903, and not for an issue under the Act of 1893, as decreed by the court. Authorities need not be cited to sustain the proposition that the order entered must conform to the case as made out by the pleadings, and be consistent with the relief asked for. In this regard, the judgment appealed from is fatally defective, though an amendment could be allowed to bring the petition and its prayer within the scope of the act under which assistance is actually sought: Fearl v. Johnstown, supra.

The decree making absolute the rule for an issue is reversed, and the record is remitted for such further proceedings as law and justice may require; costs to abide the final determination of the case.