## Girard Trust Company, Trustee, *v.* Dixon et al., Appellants.

254

Argued May 10, 1939. Before KEPHART, C. J., SCHAFFER, DREW, LINN, STERN and BARNES, JJ.

*Philip Wallis*, with him *Edwin S. Dixon, Jr.*, and *Drinker, Biddle & Reath*, for appellants.

*George V. Strong*, with him *Yale L. Schekter*, for appellee.

OPINION BY MR. JUSTICE SCHAFFER, June 19, 1939:

This is a proceeding under Section 1 of the Act of April 16, 1903, P. L. 212, 12 PS Sec. 1543, the relevant portion of which is: "That whenever any person, not being in possession thereof, shall claim or have an apparent interest in or title to real estate, it shall be lawful for any person in possession thereof, claiming title to the same, to make application to the court of common pleas of the proper county, whereupon a rule shall be granted upon said person not in possession, to bring

his or her action of ejectment within six months from the service of such rule upon him or her, or show cause why the same cannot be so brought."

The Girard Trust Company, Trustee, filed a petition under the act claiming to be in possession of the land in question and set forth that Fannie G. Dixon and others, not in possession, claim title to it and sought a rule on the latter to show cause why they should not bring ejectment. The court below granted the rule and after hearing determined the Girard Trust Company, Trustee, was in possession of the property and that Fannie G. Dixon and others claiming with her should bring ejectment. From this order, they appeal, alleging that they and not the Girard Trust Company are in possession. The foundation of the right to the rule is that the petitioner is in possession. The difficulty in the present case is to determine which of the claimants to the land is in possession or whether either is in the sense that the law contemplates.

The land in dispute is some seventeen acres of flat land lying along the Schuylkill River between high and low water mark, which prior to 1928 was completely flooded at high tide. In that year, the land was bulkheaded along low water line and filled in and as a result of the industrial development along the river, it has become valuable. In its original state it was not susceptible of physical possession except by building on pilings or some sort of aquatic possession by the mooring of boats. Nothing of this kind was done. There was no physical occupancy of the flats by any one.

On behalf of the Girard Trust Company, it is claimed that possession was in it and its predecessors in title, because they were in possession of the meadow land behind the dike or artificial bank which had been built along the Schuylkill River, as long ago as 1761, to keep out the tides. Their deeds call for the "bank by the river Schuylkill" and "the embankment" as a boundary, and if there were nothing else in the case, it might be

held that this presumptively constituted possession of the flat land and to low water mark of the river: *Palmer v. Farrell,* 129 Pa. 162, 18 A. 761; *Miles Land Co. v. Hudson Coal Co.,* 246 Pa. 11, 91 A. 1061; *Citizens Elec. Co. v. Susquehanna Boom Co.,* 270 Pa. 517, 113 A. 559; *Gibson v. Hoffman,* 310 Pa. 51, 164 A. 783. We are here met with a different situation from that which existed in the Hoffman case, which involved an adjoining piece of flat land. In that case, the deeds conveying the meadow land antedated those conveying the flat land; here, it is otherwise. There are deeds to appellants' predecessors in title, one made in 1785 and the other in 1789, which specifically conveyed the flat land, which are prior to any shown in appellee's chain, and in this way separated it in title from the fast land. See *Palmer v. Farrell,* supra. Moreover, in the Hoffman case the issue did not arise on a rule to bring ejectment but on the ejectment itself, in which the merits of the respective titles were passed upon. We have reached the conclusion that neither party is in such possession as gives the right to proceed under the Act of 1903. Therefore, the rule to bring the ejectment was improvidently entered. We do not wish to be understood as deciding anything as to the merits of the title claimed by either side. We are passing only upon the jurisdiction of the court below and deciding nothing, save that neither party, as the record now stands, has shown such possession as warrants a proceeding under the Act of 1903.

The existence of possession on the part of the petitioner at the time of the institution of the proceeding is an essential jurisdictional fact: *Heppenstall v. Leng,* 217 Pa. 491, 66 A. 991; *Mildren v. Nye,* 240 Pa. 72, 87 A. 607; *Hemphill v. Ralston,* 278 Pa. 432, 123 A. 459; *Brewer v. Curtis,* 130 Pa. Superior Ct. 270, 197 A. 780.

The order, requiring Fannie G. Dixon and others to bring their ejectment, is vacated, each of the parties to pay their own costs.