**Gerald F. BRIDE, Appellee,**

v.

**ROBWOOD LODGE, Gerald Vargason, as Trustee, Michael L. Rogers, Charles S. Stevens, Jacob Chilson, Annabelle Lee, Rosey Lee, Alice Davidson, Michael L. Rogers, and Their Heirs, Executors, Administrators, Devisees and Assigns and Any and all Persons Claiming Any Right, Title or Interest in Subject Premises Situate in the Townships of Albany and Asylum, County of Bradford, Commonwealth of Pennsylvania, By and From or Through Them.**

**Appeal of Gerald VARGASON.**

Superior Court of Pennsylvania.

Submitted March 4, 1998.

Filed May 28, 1998.

---

David B. Keefe, Sayre, for appellant.

Mark W. Smith, Towanda, for Bride, appellee.

Daniel J. Barrett, Athens, for Robwood Lodge, appellees.

Before CAVANAUGH, POPOVICH and FORD ELLIOTT, JJ.

POPOVICH, Judge:

This is an appeal from the entry of judgment in the Court of Common Pleas of Bradford County, awarding Appellee Bride, through adverse possession, fee simple title to an 18–acre tract of land adjacent to his property. Appellant Vargason owns a farm adjoining the 18–acre tract on its southern side. Appellant frames three issues for our review:

I. Did the trial court engage in a manifest abuse of discretion in rendering findings of fact concluding that the appellee had presented sufficient proof of adverse possession of an unenclosed woodland by evidence of picking berries, hunting, hiking, and working on an old abandoned right of way with the appellant's permission;

II. Did the trial court commit an error of law in disregarding the clear standard of law required for proof of adverse possession to an unimproved and unenclosed woodland; and,

III. Was appellant's evidence of a consensual boundary line by former owners, coupled with the opinion of an expert surveyor, the existence of monumented historical boundaries and appellant's use of the property sufficient to establish ownership of the disputed tract?

After a careful review of the record and relevant case law, we find that the trial court lacked subject matter jurisdiction to hear Bride's claims. Accordingly, we reverse.

Our standard of review for these claims is well-settled. We are limited to determining whether the findings of facts are supported by competent evidence, whether an error of law has been committed and whether there has been a manifest abuse of discretion. *See Velazquez v. Gupta*, 443 Pa.Super. 18, 660 A.2d 645, 647 (1995). "The factual findings of a trial court sitting without a jury carry the same weight as a jury verdict, and we will not disturb those findings on appeal absent an error of law or abuse of discretion." *Glenn v. Shuey*, 407 Pa.Super. 213, 595 A.2d 606, 610 (1991).

In 1960, Bride acquired a large tract of land adjacent to the disputed parcel, and, two years later, he built a cabin on his tract. In 1990, Bride instituted an action to quiet title against the landowners whose property adjoined the disputed parcel.[1] In 1994, Bride amended his complaint to include Jacob Chilson as well as those individuals who could potentially raise a claim under his chain of title.[2] Bride claimed he adversely possessed the disputed parcel and prayed for a rule on the defendants to bring an action in ejectment within thirty days or be "forever barred from asserting any right, title or interest" in the disputed parcel. *See* Complaint of Bride, 9/21/90, p. 5. The rule was granted on October 21, 1993, returnable on January 5, 1994. Vargason filed a timely answer, which denied that Bride possessed the disputed parcel and asserted that Vargason adversely possessed the parcel. Vargason also raised a counterclaim in ejectment, averring that he owned the disputed parcel by virtue of his chain of title.

On December 13, 1995, the trial court held a non-jury trial and determined that the heirs of Chilson were the true owners of the disputed parcel, rejected Vargason's claims and found that Bride had acquired title by adverse possession.[3] Accordingly, the court entered an order declaring Bride the owner

in fee simple of the disputed parcel. On March 25, 1996, Vargason filed a motion for post-trial relief, which the court denied. The court entered judgment on March 7, 1997, and this timely appeal followed.

In his brief, Vargason contends that Bride's "conduct fails as a matter of law to meet any of the threshold requirements for establishing adverse possession of a woodland." Appellant's Brief, p. 17. He further contends that "[t]he trial court's failure to require appellee to meet the fundamental factual threshold required for an adverse possession claim of an unenclosed woodland was an error of law and a manifest abuse of discretion." Appellant's Brief, p. 17. We agree and find that the trial court lacked subject matter jurisdiction to hear Bride's claims.

Bride instituted his quiet title action pursuant to Pa.R.Civ.P. 1061(b)(1). In *Sutton v. Miller*, 405 Pa.Super. 213, 592 A.2d 83, 87–88 (1991), this court explained that the Judiciary Act of 1976, which provides for the modern quiet title action, left inviolate the substantive rights and statutory jurisdiction provision of its predecessor, 12 P.S. § 1543, which designates who may sue in a quiet title action. "A review of the substantive portions of the Act, consolidated under Rule 1061 as to form and procedure, reveals that there exists *a substantive right of action granted to a plaintiff in possession* to compel a defendant out of possession to bring an action in ejectment against the plaintiff." *Hemphill v. Ralston*, 278 Pa. 432, 432–35, 123 A. 459, 460 (1924) (citations omitted). Consequently, the action must be "instituted by the one in possession, and the finding of this fact is jurisdictional." *Id.* That is, the plaintiff's possession is a jurisdictional prerequisite to a quiet title action. *Sutton*, 592 A.2d at 87–88. With respect to claims based on adverse

---

1. The adjoining landowners were: Gerald Vargason, Michael L. Rogers, Robwood Lodge, Inc. and the Commonwealth of Pennsylvania Department of Environmental Resources. Shortly after Bride filed his complaint, he came to an agreement with, and discontinued this action as against, the Commonwealth.

2. These individuals included Jacob Chilson, Annabelle Lee, Rosey Lee, Alice Davidson and Charles S. Stevens.

3. The court also entered default judgment against all other defendants, including those who claimed under Jacob Chilson because they neither answered Bride's complaint nor contested his claims at trial.

possession, a plaintiff's *actual possession* meets this jurisdictional prerequisite. *See Seven Springs Farm, Inc. v. King*, 235 Pa.Super. 450, 344 A.2d 641 (1975) (taking timber from unenclosed woodland and even constructing roads to facilitate its removal do not constitute actual possession as will warrant an order in a quiet title action directing owner to commence an action of ejectment); *see also Spangler v. Trogler*, 228 Pa. 217, 77 A. 495 (1910); *Titus v. Bindley*, 210 Pa. 121, 59 A. 694 (1904). What constitutes adverse possession depends, to a large extent, on the character of the premises. *See Fred E. Young, Inc. v. Brush Mountain*, 697 A.2d 984, 990 (Pa.Super.1997). In general, actual possession of land means dominion over the property. *See Moore v. Duran*, 455 Pa.Super. 124, 687 A.2d 822 (1996). A person establishes actual possession of a woodland "by residence or cultivation of a part of the tract of land to which the woodland belongs." *Niles v. Fall Creek Hunting Club, Inc.*, 376 Pa.Super. 260, 545 A.2d 926, 929 (1988).

> When there is a substantial dispute as to which of the parties, plaintiff or defendants, is in possession, ... an issue should be framed to determine who actually held the tract in controversy. If it was not the petitioner, then ... the application must be dismissed, for a preliminary finding in the affirmative is necessary to confer jurisdiction ... If the defendants are in control, the proceeding falls, for it must be instituted by the person in possession, and when both parties are out of possession, the legislation referred to does not apply.

*Hemphill*, 278 Pa. at 434, 123 A. at 460; *accord Heppenstall v. Leng*, 217 Pa. 491, 66 A. 991 (1907).

Herein, Vargason filed a petition denying that Bride possessed the property and claiming that he was in possession of the property. On their face, the pleadings raise an issue as to whether Bride had actual possession since Bride does not allege that he had enclosed the disputed parcel or erected a residence upon it, and Vargason avers that he adversely possessed the parcel. Therefore, Bride should have been assigned the initial burden of proving, to the court's satisfaction, that he possessed the disputed parcel. *See Hemp-*

*hill*, 278 Pa. at 432–35, 123 A. at 460; *see also Spangler*, 228 Pa. 217, 77 A. 495; *Titus*, 210 Pa. 121, 59 A. 694.

The trial judge was of the opinion that Bride had clearly established possession of the parcel. This was error. Since the disputed parcel is undeveloped woodland, actual possession is established by either erecting a residence or by enclosing and cultivating the property. *See Niles*, 545 A.2d at 930. Bride established that the disputed parcel had been used sporadically by him for the purposes of hunting, picking berries and removing timber. Bride also testified he had planted some saplings on the disputed parcel in 1960; however, Bride neither maintained those saplings nor planted more trees after the initial planting. Significantly, Bride presented no testimony or evidence that he had enclosed any portion of the property or established a residence on the disputed 18–acre tract. In his opinion filed on March 14, 1996, the trial court judge erroneously relied on Bride's improvements to a road which runs through the disputed parcel as proof that Bride's use of that parcel was of the quality and magnitude necessary to establish actual possession. The trial court notes that Bride used dynamite and heavy equipment to make the road passable, laid drainage pipes for the road and posted no-trespassing signs along those portions of the road which travel through the disputed parcel. However, the trial court ignored the fact that Bride took these actions only *after* he paid Vargason's family $1,500.00 for a right of way over the disputed parcel. It was error for the court to find that Bride's roadway improvements and his posting of signs on the road were proof of Bride's possession. Bride cannot be said to have exercised dominion and control over the disputed parcel when he sought and paid for the right to use the disputed parcel from the Vargasons. *See Moore*, 455 Pa.Super. 124, 687 A.2d 822.

Similarly, the trial judge erred in his opinion denying Vargason's post-trial motions because he relied on the fact that "Bride erected and frequently stays in a cabin" on the disputed parcel to conclude that Bride was, at the time the quiet title action commenced and during trial, "clearly in possession" of

the property. There is no on-the-record support for this finding. To the contrary, both Bride and Vargason averred that Bride built a cabin on his property *adjacent* to the disputed parcel and *not on* the disputed parcel. There was no testimony or evidence presented at trial which established that Bride constructed a cabin on the disputed parcel.

Since there was neither the establishment of a residence nor a cultivation within designated boundaries, we cannot conclude that Bride satisfied the essential prerequisites for proving he actually possessed the disputed parcel. *See Niles*, 545 A.2d at 929, citing *Hoover v. Jackson*, 362 Pa.Super. 532, 524 A.2d 1367, 1369 (1987). Since Bride was out of possession, the trial court "not only exceeded the scope of an action brought under Rule 1061(b)(1), *see Seven Springs*, [235 Pa.Super. 450, 344 A.2d 641], but, in doing so, enlarged the plaintiff's substantive rights defined by statute and exceeded the court's statutory jurisdiction in a proceeding to Quiet Title." *Sutton*, 592 A.2d at 88–89, citing *Girard Trust Co. v. Dixon*, 335 Pa. 253, 6 A.2d 813 (1939). The lower court lacked authority to act on Bride's petition and should have *dismissed* Bride's action to quiet title. *Sutton, supra* ; *Girard Trust Co. supra*. Accordingly, we reverse the judgment entered in favor of Bride as the court lacked subject matter jurisdiction over Bride's quiet title action.

Judgment reversed.