**Marjer, Inc. v. Ligus.**

C.P. of Lackawanna County, No. 09-CV-6677.

*William E. Vinsko, Jr.,* for plaintiff.
*Lauren R. Tabas,* for defendant.

MINORA, *J.,* April 5, 2013—INTRODUCTION

U.S. Bank National Association, as Trustee for Credit Suisse First Boston Heat 2005-7 (hereinafter "U.S. Bank") brings this motion for summary judgment in response to

plaintiff's quiet tile action against prior owner, defendant Claudia Ligus ("defendant"), and all persons claiming any right, title and interest in the land seeking to divest their interests in the property at issue. The motion for summary judgment is granted.

## FACTUAL SUMMARY

On July 29, 2005, defendant made, executed, and delivered a mortgage upon the property located at 2115 Hamlin Highway, Route 590, Madison Township, PA 18444 to Mortgage Electronic Registration Systems, Inc. ("MERS"), nominee for Decision One Mortgage Company, LLC ("Decision One"). Details regarding identifiers for the property and actions taken by the parties related to it are listed in the chart following this paragraph. In sum, the mortgage was validly assigned from decision one to MERS, and thereafter, validly assigned from MERS to U.S. Bank instituted an action in mortgage foreclosure of which plaintiff had constructive notice. the foreclosure sale was postponed on three occasions while U.S. Bank worked with plaintiff regarding plaintiff's short sale proposal. During the short sale discussion period, plaintiff filed this action to quiet title. Temporally, it appears that plaintiff's communication with U.S. Bank regarding the short sale proposal could have been plaintiff's attempt to delay the foreclosure sale so that plaintiff could then purchase the property and have tax title.[4] Plaintiff purchased the

---

4. At the same time that plaintiff and U.S. Bank were discussing plaintiff's short sale proposal, plaintiff filed another action to quiet title on an unrelated property (filed on Oct. 6, 2009). The decision regarding plaintiff's action to quiet tile to that other property was opined before this Court of Common Pleas by our colleague Judge Nealon (June 1, 2011) in *Community Bank & Trust Co., v. Marjer. Inc.*, No. 09-CV-8822.

property at a private tax sale by the Lackawanna County Tax Bureau. U.S. Bank thereafter purchased the property in a sheriff's sale of which plaintiff had constructive notice. Additional details and chronology of actions taken related to the property are as follows:

| Action Taken Related to the Property at 2115 Hamlin Highway, Route 590, Madison Township, PA | Date | Instrument No. for the Propery at 2115 Hamlin Highway, Route 590, Madison Township, PA 18444 |
|---|---|---|
| Defendant Ligus executed a mortgage ($80,902.00) to MERS, where MERS was nominee for Decision One Mortgage Company LLC | July 29, 2005 | Instrument No. 200524188 |
| Defendant defaults on the mortgage | Since April 1, 2008 and each month continuously thereafter | Instrument No. 200524188 |
| Valid assignment of Mortgage from Decision One to MERS | Mortgage recorded on Sept. 6, 2005 (Lacka. Co.) | Instrument No. 200524188 |
| Valid assignment of mortgage from MERS to U.S. Bank | Assignment of Mortgage on Aug. 6, 2008. Mortgage recorded on September 4, 2008 (Lacka. Co). | Instrument No. 200822057 |
| U.S. Bank files Complaint in Mortgage Foreclosure | July 25, 2008 (Lacka. Co.) | Instrument No. 200524188 (Docket No. 2008-CV-5018[2]) |
| Mortgage Foreclosure Complaint served on Defendant | Jan. 5, 2009 | Instrument No. 200524188 (Docket No. 2008-CV-5018[3]) |

2. *U.S. Bank National Association, as Trustee for Credit Suisse First Boston Heat 2005-7 v. Ligus*, No. 2008-CV-5018 (Lacka. Co. July 25, 2008).
3. *Id.*

| | | |
|---|---|---|
| Default Judgment entered against Defendant | Feb. 19, 2009 | Instrument No. 200524188 |
| Plaintiff purchases property at Lackawanna County Tax Bureau private tax sale pursuant to 72 P.S. §5860.613. Plaintiff has constructive notice of both the mortgage and the pending foreclosure at the time of this sale. | Feb. 24, 2009. Recorded on April 6, 2009 | Instrument No. 200907960 |
| U.S. Bank files writ of execution in foreclosure action and lists the property for Sheriff's sale | Mar. 16, 2009. At this time, Sheriff's sale is scheduled for June 2, 2009 | Instrument No. 200524188 |
| Sheriff's Sale postponed due to Plaintiff's conversations with U.S. Bank about Plaintiff's short sale proposal | Sheriff's sale re-scheduled for July 21, 2009 | Instrument No. 200524188 |
| Sheriff's sale postponed a 2nd time | Sheriff's sale re-scheduled for Oct. 6, 2009 | Instrument No. 200524188 |
| Plaintiff files this action to quiet title in the property | Oct. 6, 2009 | Instrument No. 200524188 |
| Sheriff's sale postponed a 3rd time | Sale re-scheduled for Jan. 26, 2010 | Instrument No. 200524188 |
| Lackawanna County Sheriff's sale. Sheriff of Lackawanna County sells property to U.S. Bank | Jan. 26, 2010. Recorded April 26, 2011 (Lacka. Co.) | For the property with Instrument No. 200524188. (Sale Instrument No. 201108376) |

## PROCEDURAL SUMMARY

U.S. Bank filed its motion for summary judgment with brief on October 1, 2012. Plaintiff's response to the

motion for summary judgment and memorandum of law in support of the response were filed December 3, 2012. U.S. Bank filed a supplemental brief in support of its motion for summary judgment on December 14, 2012.

## LEGAL ARGUMENT OF THE PARTIES

Defendant's Argument

### a. U.S. Bank is Entitled to Summary Judgment as a Matter of Law

Plaintiff cannot provide any legal justification for the quiet title relief request. Judgment must be entered in U.S. Bank's favor and plaintiff's complaint, dismissed.

### b. Plaintiff Purchased the Property Subject to U.S. Bank's Filed Mortgage and Pending Foreclosure Action. Therefore Plaintiff Cannot Proceed in this Quiet Title Action as U.S. Bank's Lien is Not Divested by Plaintiff's Tax Sale.

Plaintiff purchased the property subject to U.S. Bank's mortgage and is responsible for the debt due thereon. Properties sold pursuant to 72 P.S. §5860.613 are non-judicial and sold subject to every lien of record not otherwise included in the Tax Claim Bureau's debt. Plaintiff fails to provide any statute or legal basis that entitles plaintiff to have the liens encumbering it divested, stricken from the record or otherwise marked satisfied.

### c. Plaintiff has No Standing to Attack U.S. Bank's Mortgage and Has Failed to do so Timely

Plaintiff cannot collaterally attack the foreclosure, mortgage and sheriff's sale in a separate quiet title action.

Plaintiff failed to take any action regarding the filed mortgage nor did plaintiff act during the pendency of the foreclosure action, both of which plaintiff had constructive notice. Later entry of the final judgment in the mortgage foreclosure action, the sheriff's sale, and the sheriff's deed have not been vacated nor formally challenged.

Plaintiff's Argument

### a. Assignment of the Mortgage to U.S. Bank is Illegal Under Pennsylvania Law

The assignment by MERS to U.S. Bank is invalid because MERS did not have the authority to assign the decision one mortgage to U.S. Bank or to any third party.

### b. U.S. Bank Has No Standing in this Quiet Title Action Because of the Invalid Assignment

Since the assignment of mortgage from MERS to U.S. Bank was invalid, U.S. Bank's authority to proceed in the matter and U.S. Bank's foreclosure action is void.[4] U.S. Bank knew of the private tax sale but did not object to the sale and therefore has no standing.

## LEGAL STANDARD

Motion for Summary Judgment

4. Plaintiff also argues that U.S. Bank cannot proceed because the legal description under the mortgage is inaccurate as it identifies a property in *Pike County*. This argument is without merit. The original grant of the property to defendant Ligus is in Lackawanna County and the property is located in Madison Township, Lackawanna County. See mortgage, mortgagor Ligus and mortgagee Decision One to MERS, at 4 (July 29, 2005); assignment of mortgage, mortgagor Ligus and mortgagee US Bank (Aug. 6, 2008); tax claim deed, grantor Ligus, grantee Marjer, Inc. (recorded on April 6, 2009).

When deciding a motion for summary judgment, the rules require that there be no genuine issues of material fact as to a necessary element of the defense which could be established by additional discovery and that the moving party be entitled to judgment as a matter of law. *Deutsche Bank Nat. Trust Co. v. Smith*, 2010 WL 2940767 (Delaware Co. July 22, 2010) (citing Pa. R.C.P. 1035.2 (1)); *Summers v. Certainteed Corp.*, 997 A.2d 1152, 1159 (Pa. 2010). A material fact is one that directly affects the outcome of the case. *Kuney v. Benjamin Franklin Clinic*, 751 A.2d 662, 664 (Pa. Super. 2000). A proper grant of summary judgment depends upon an evidentiary record that either: 1) shows that the material facts are undisputed; or 2) contains insufficient facts to make out a prima facie cause of action or defense and therefore, there is no issue to submit to the jury. *Gateway Towers Condominium Ass'n v. Krohn*, 845 A.2d 855, 858 (Pa. Super. 2004); *Beal Bank v. PIDC Financing Corp.*, 2002 WL 31012320, (Phila. Co. Sept. 9, 2002) (citing *Kirby v. Kirby*, 455 Pa. Super. 96, 103, 687 A.2d 385, 388 (1997); *Dudley v. USX Corp.*, 414 Pa. Super. 160, 169-70, 606 A.2d 916, 920 (1992)); See also Pa. R.C.P. 1035.2.

The record must be viewed in the light most favorable to the non-moving party and any doubt must be resolved against the moving party. *First Wisconsin Trust Co. v. Strausser*, 653 A.2d 688, 691 (Pa. Super. 1995); *Deutsche Bank Nat. Trust Co. v. Smith*, 2010 WL 2940767, supra. A nonmoving party in a summary judgment motion may not rely merely upon allegations in pleadings, or his answers to survive summary judgment, but must set forth specific facts by way of affidavit or in some other way

to demonstrate that genuine issue of material fact exists. *Banks v. Trustees of University of Pennsylvania*, 666 A.2d 329 (Pa. Super. 1995); See also Pa. R.C.P. 1035. 2; *JP Morgan Chase Bank, N.A. v. Murray*, 2013 WL 1092850 (Pa. Super. 2013); *Aurora Loan Services LLC v. Molina*, 2008 WL 8745691 (Monroe Co. Oct. 8, 2010).

The Philadelphia County Court of Common Pleas has reviewed motions for summary judgment in the context of mortgage assignments. In *Credit-Based Asset Servicing and Securitization LLC v. Simeon*, 2003 WL 25429425 (Phila. Co. Apr. 4, 2003) (hereinafter "*Simeon*"), appellee filed an action to foreclose on appellant's property and later filed a motion for summary judgment. Appellee's motion was dismissed due to appellee's failure to provide proof of the assignment of the mortgage or other evidence to support its standing to bring the underlying claim in foreclosure. Appellee later provided proof of history of assignments of the mortgage, including an assignment to appellee, in an answer to appellant's motion for summary judgment. The court therefore determined there was therefore no genuine issue of material fact. It denied appellant's motion for summary judgment and granted appellee's counter motion for summary judgment. *Simeon*, 2003 WL 25429425 (Phila. Co. Apr. 4, 2003).

Action to Quiet Title

Pursuant to Pa.R.C.P. 1061(b), a quiet title action may be brought to determine any title or interest in property or to obtain possession of land sold at a judicial tax sale. See, *Community Bank & Trust Co., v. Marjer, Inc.*, No. 09-CV-

8822[5] (hereinafter, "*Marjer*, 09-CV-8822") at 9; Pa.R.C.P. 1061(b)(2), (4). "To prevail in an action to quiet title, the plaintiff must demonstrate prima facie title by a fair preponderance of the evidence, which proof is sufficient until better title is shown to exist in an adverse party." *Id.* (citing *Poffenberger v. Goldstein*, 776 A.2d 1037, 1041 (Pa. Cmwlth. 2001)).[6] "The plaintiff's possession of the property is a jurisdictional prerequisite to an action to quiet title." *Marjer*, 09-CV-8822 at 9 (citing *Bride v. Robwood Lodge*, 713 A.2d 109, 111 (Pa. Super. 1998)).

Divesting of Liens on Property Purchased at a Sheriff's Sale

U.S. Bank argues that because it purchased the subject premises at a sheriff's sale on January, 26, 2010, U.S. Bank is the rightful owner of the property, and therefore plaintiff has no claim. "It is well established in Pennsylvania that a sheriff's sale of real property divests all junior liens on that property. *Marjer*, 09-CV-8822 at 12 (citing *Boyer v. Walker*, 714 A.2d 458, 462 (Pa. Super. 1998). "Generally, where a junior lienholder has notice of a sheriff's sale, he may attempt to protect his mortgage interest by bidding on the property at the sheriff's sale and/or presenting legal or equitable arguments at a hearing as to why the mortgage should not be divested." *Marjer*, 09-CV-8822 at 12 (citing *Boyer*, 714 A.2d at 463). if the junior lienholder fails to

---

5. *Community Bank & Trust Co., v. Marjer, Inc.*, No. 09-CV-8822 was consolidated with *Marjer, Inc., v. Anthony M. Perri and Ann B. Perri, Defendants and Community Bank & Trust Co., Intervenor*, No. 09-CV-6676 as of Nov. 23, 2010.

6. When an unpublished memorandum is relied upon, a copy of it must be furnished to the other party and to the court. (Pa.Super.Ct.R. 65.37); *Kormos v. Urban*, 911 A.2d 193 (Table) (Pa. Super. 2006).

attempt to protect his interest, the purchaser of a property at a sheriff's sale "obtain[s] title free and clear of [the junior lienholder's lien] by operation of law." *Id.*

Mortgages are not Divested Simply because of Prior Tax Deed at Private Sale

This court of common pleas has held that when a party acquires a tax deed to property pursuant to 72 P.S. §5860.613(a), Section 615 of the Tax Sale Law, governs. It provides the tax deed discharges of all tax claims and judgments on the property, but remains subject to any mortgages on the property. *Marjer,* 09-CV-8822 at 11 (Lacka. Co. 2011). In the previously referenced superiority of title case with our plaintiff before this county's court, 09-CV-8822, Judge Nealon held that when plaintiff acquired a tax deed to property on June 2, 2009, the tax deed discharged all tax claims and judgments and arguably divested the prior owners of their ownership interest in the property, *but did not divest the bank's of its mortgage on the property* (emphasis added). Additionally, because in that case the bank purchased the property at the sheriff's sale on October 6, 2009, the bank obtained paramount, superior title to the property. Plaintiff was therefore required to pay that outstanding mortgage balance in full to acquire title free and clear of all mortgages and liens. *Id.* at 13-14. To make this determination, the court explained and distinguished liens on property sold at an upset tax, judicial, or private sale, further described below.

Distinguishing Liens on Property Sold at an Upset Tax, Judicial, or Private Sale

As stated by Judge Nealon in *Marjer*, 09-CV-8822 (June 1, 2011),

> The Real Estate Tax Sale Law, Act of July 7, 1947, P.L. 1368, as amended, 72 P.S. sections 5860.101-5860.803, sets forth a comprehensive statutory scheme governing the sale of property and the quality of the title acquired depending upon whether the property is purchased at an upset sale, a judicial sale or a private sale. Under section 609 of the Tax Sale Law, if a bidder purchases a tax delinquent property at an upset sale, the tax claim bureau will deliver a deed in fee simple, but the title conveyed is "subject to the lien of every recorded obligation, claim, lien, estates, mortgage, ground rent and Commonwealth tax lien not included in the upset price with which said property may have or shall become charged or for which it may become liable.

*Id.* at 10 (citing 72 P.S. Section 5860.609).

Additionally, Judge Nealon stated that "[i]n the event that the upset price is not bid at the upset sale, the tax claim bureau may opt to proceed with a judicial sale by filing a petition with the court identifying all applicable tax liens, mortgages and other charges and serving that petition upon the property owner and all mortgages, lienholders and interested parties named in the rule." *Marjer*, 09-CV-8822 at 10 (citing 72 P.S. Sections 5860.610-5860.611). "If a property has been exposed to public sale but is not sold because no bid was made equal to the upset price, the tax claim bureau may 'agree to sell the property at [a] *private sale*, at any price approved by the bureau.'" *Id.* at

11 (citing 72 P.S. Section 5860.613(a)). In this sister case at this court with our plaintiff, the court reviewed the type of sale of the property in order to determine which party had superior title to it. In its analysis, the Lackawanna County Court of Common Pleas held:

> Unlike Section 612(a) which provides that a judicial sale conveys title free and clear of all liens and mortgages, Section 615 does not state that a private sale similarly divests all liens and mortgages....The omission from Section 615 of any statement that liens and mortgages will be divested" was not inadvertent, as a result of which *a private tax sale does not divest any mortgages* even if it is recorded after tax liens have attached.... Therefore, the tax deed that Marjer obtained from the Lackawanna County Tax Claim Bureau for the sum of $3,000.00 did not divest the bank's mortgage which exceeds $60,000." (emphasis added)

*Id.* at 12 (citing *Pitti v. Pocono Business Furniture, Inc.,* 859 A.2d 523, 528 n.5 (Pa. Cmwlth. 2004); *Financial Freedom v. Cooper,* 2011 WL 1744203 at *2 (Pa. Super. 2011); *Plank v. Monroe County Tax Claim Bureau,* 735 A.2d 178, 184 ("It is well settled that land purchased at a tax sale comes with no guarantee of title.").

In *Marjer,* 09-CV-8822, Judge Nealon also reviewed the effect of other liens remaining on the property in the event of a sheriff's sale, if any. Judge Nealon said that plaintiff failed to proscribe reasons as to why the mortgage interest should not be divested. As a result, the purchaser of property at the sheriff's sale obtained title free and clear of the junior lienholder's lien by operation

of law." *Id.* at 12. Judge Nealon also noted in *Marjer* that The Pennsylvania Superior Court recently said it is "folly" to purchase property at a private sale after the purchaser has received actual or constructive notice of a pending mortgage foreclosure suit. *Id.* (citing *Financial Freedom*, 2011 WL 1744203 at *2) (commencement of the foreclosure action put the purchaser on notice of pending mortgage foreclosure).

## LEGAL ANALYSIS

Valid Assignment When Mortgagee is Nominee

Plaintiff in the present case argues that the assignment by MERS to U.S. Bank was invalid because MERS merely had legal title to the property and was nominee of the mortgage, but did not have authority to assign the property to U.S. Bank. Pennsylvania has previously analyzed whether a mortgagor or assignee's legal title coupled with status as nominee of the mortgage grants a mortgagee the authority to assign a mortgage. In *Mortgage Elec. Registration Systems, Inc. v. Ralich*, 2008 WL 7330621 (Allegheny Co. Oct. 24, 2008) (hereinafter "*Ralich*"), when MERS was both owner of the legal title to the mortgage and nominee of the owner of any beneficial interest in the mortgage and for lender's successors and assigns, the court found that the assignment MERS had made was valid because MERS' authority to assign was granted in the mortgage contract's language. The mortgage provided MERS had legal title, status as nominee, and the following rights:

Borrower understands and agrees that MERS holds only legal title to the interests gra[n]ted by Borrower

in this Security Instrument but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the property and to take any action required of Lender, including, but not limited to releasing and canceling this Security Instrument.

*Mortgage Elec. Registration Systems, Inc. v. Ralich*, 2008 WL 7330621 (Allegheny Co. Oct. 24, 2008). The *Ralich* court held that "Defendants' insistence to set aside MERS' purchase of the property at a sheriff's sale for lack of authority and any action taken to conclude foreclosure authority for the same reasons was at odds with the acknowledgment by defendants at the time the mortgage was signed that MERS would have the authority to assign the mortgage."[7] *Id.*

In *GMAC Mortg., LLC v. Smith*, 2012 WL 4210385, (Phila. Co. Aug. 24, 2012) the court likewise found MERS made a valid assignment to appellee based on its authority from the mortgage's language that MERS, mortgagee under the security instrument, was acting solely as nominee for original mortgagee lender and lender's successors and assigns. Additionally, since MERS had the authority to assign the mortgage to appellee, appellee was the real

---

7. In *Ralich*, the assignment of the mortgage and note to home se-vicing did not extinguish the authority of MERS to proceed as nominee and to continue to take any action required to conclude foreclosure pro-ceedings. The authority of MERS survived assignment of the instrument. *Mortgage Elec. Registration Systems. Inc. v. Ralich*, 2008 WL 7330621 (Allegheny Co. Oct. 24, 2008). Nevertheless, the assignee of the instru-ment still had powers granted to assignees pursuant to the agreement.

party in interest and had authority to bring a foreclosure action in the subject property. Finally, because appellant had not provided any supporting documentation, legal arguments or evidence that suggested MERS was not nominee of the original lender, there was no reason for the court to exercise rights or equitable powers to set aside the sheriff's sale.

In *Leone v. Mortg. Electronic Registration Systems*, 2012 WL 1268605 (Allegheny Co. Apr. 12, 2012), the court also held that MERS had the authority to assign the mortgage pursuant to the language of an agreement that granted the same authority to mortgagee as did the mortgage language in *GMAC* and *Ralich*.[8] In this case, Defendants MERS, Equity One, Inc., and ARC jointly moved to dismiss plaintiff's verified complaint for declaratory judgment and to quiet title to certain real property. When plaintiffs defaulted, ARC, who was valid assignee of the mortgage agreement by MERS, acted under its authority as limited power of attorney for the current note-holder and mortgagee. From the authority granted to ARC in the mortgage agreement, ARC held the statutory power of sale and was able to foreclose. Plaintiff had not met its burden to show that there existed a genuine issue of material fact as to whether the assignment was appropriately executed or void, and defendant's motion to dismiss, decided as a motion for summary judgment, was granted. *Id.*[9]

---

8. The mortgage provides, in part: "Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this security instrument, but...MERS...has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the property..."

9. In so holding, the *Leone* court incorporated and adopted the re -

The MERS Assignment to U.S. Bank is Valid

MERS' assignment of the mortgage agreement to U.S. Bank was valid. The language plaintiff contests from the agreement as to MERS' authority to assign the mortgage is the same language the court found in *Ralich, GMAC* and *Leone,* supra to have included mortgagee's authority to assign and pursue foreclosure and a sheriff's sale. In the present matter, the mortgage was validly assigned from decision one to MERS when defendant mortgaged, granted, and conveyed to MERS (solely as nominee for lender and lender's successors and assigns) defendant's interest in the real property.[10] According to the agreement, MERS held legal title and the right to exercise any and all of those interests including, but not limited to, the right to foreclose.[11] MERS, acting in its authority under the agreement, validly assigned the mortgage to U.S. Bank. As valid assignee, U.S. Bank had the authority to execute rights granted to it pursuant to the mortgage agreement, including the rights to pursue a foreclosure and sheriff's sale.[12] U.S. Bank acted pursuant to its rights under the mortgage agreement when it purchased the subject premises at the sheriff's sale. Plaintiff's argument that

soning in *Payette,* 2011 WL 3794701 (R.I. Super., 2011), a case with the same facts and operative language of the mortgage agreement in *Leone.* In *Payette,* the court determined that according to undisputed material facts, defendants were entitled to judgment as a matter of law.

10. Assignment of mortgage, from Decision One Mortgage Co., LLC to MERS (recorded Sept. 6, 2005); see U.S. Bank's motion for summary judgment exhibit A at 2.

11. *Id.* at 3.

12. Assignment of mortgage, from mortgagor Claudia Ligus to mortgagee U.S. Bank by MERS holder of the mortgage (recorded Sept. 4, 2008); *See* U.S. Bank's motion for summary judgment exhibit B at 1-2; *See also* n.10 of this opinion for terms of mortgage agreement (originally assigned by Decision One to MERS).

MERS could not assign the mortgage or pursue an action in foreclosure to U.S. Bank fails.

In *Leone*, and *Simeon*, we note that proof of validity of assignment from MERS to U.S. Bank is sufficient to render defendant's motion for summary judgment granted. *Leone*, 2012 WL 1268605 (Allegheny Co. Apr. 12, 2012); see also, *Credit-Based Asset Servicing and Securitization LLC v. Simeon*, 2003 WL 25429425 (Phila. Co. Apr. 4, 2003). Nevertheless, for the purposes of thoroughness and finality, we also entertain how U.S. Bank's authority pursuant to the mortgage agreement to purchase the property in the sheriff's sale allowed U.S. Bank to have superior title in the property, and this fact further illustrates that plaintiff's quiet title claim is meritless.

U.S. Bank Has Superior Title in the Property Over Plaintiff or Anyone

In the related case with this same plaintiff opined by our colleague Judge Terrence Nealon of the Court of Common Pleas of Lackawanna County noted above in this opinion, it was determined that pursuant to the Tax Sale Law, the bank's lien on the property was not divested when plaintiff purchased the property at a private tax sale pursuant to 72 P.S. § 5860.613. *Marjer*, 09-CV-8822 at 13. Additionally, separate from the tax sale, the bank had superior title to the property in *Marjer* as of the day that the bank purchased the property at the sheriff's sale. *Id.* at 12-13 (citing *Financial Freedom v. Cooper*, 2011 WL 1744203 at *2 (Pa. Super. 2011); *Plank*, 735 A.2d at 184 ("It is well settled that land purchased at a tax sale comes with no guarantee of title."). Because the bank purchased

the property at the sheriff's sale and had superior title to the property, the bank also had possession of the property. *Id.*

In the present case, plaintiff acquired the property in a tax sale on February 24, 2009. U.S. Bank had filed a mortgage and a pending foreclosure action on the property before that, on July 25, 2008. The sheriff's sale occurred on January 26, 2010 and as of that date U.S. Bank had paramount title to the property. Once U.S. Bank secured the property as of the date of the sheriff's sale, U.S. Bank was entitled to immediate and exclusive possession of the property. See *Marjer*, 09-CV-8822 at 12-13. Since *U.S. Bank* had possession of the property, and possession is required of a *plaintiff* for a quiet title action, plaintiff's quiet title action fails for plaintiff's inability to show the essential element of possession (emphasis added). See *Marjer*, 09-CV-8822 at 9 (citing *Bride v. Robwood Lodge*, 713 A.2d 109, 111 (Pa. Super. 1998)).

As in *Marjer*, 09-CV-8822 decided by Judge Nealon in the Lackawanna Court of Common Pleas in 2011, the tax sale on February 24, 2009 in the present case did not impact U.S. Bank's superior title to the property.[13] Plaintiff received a tax deed from a 72 P.S. § 5860.613 private tax sale.[14] Properties sold pursuant to 72 P.S. § 5860.613

---

13. The parties disagree as to whether the tax sale was an upset or private sale. Plaintiff references in its complaint ¶3 and response to this motion for summary judgment that its sale with the county was a "private tax sale." In U.S. Bank's motion for summary judgment and supporting memoranda, U.S. Bank describes the sale as an "upset tax sale." In plaintiff's response to the motion for summary judgment, ¶6, plaintiff concedes that in a tax sale, liens are not divested of the property.

14. The notice of proposed sale was forwarded to The Scranton Times for January 7, 2009. Notice of proposed private sale, Jan 7, 2009.

are non-judicial and sold subject to every lien of record not otherwise included in the Tax Claim Bureau's debt. *Marjer*, 09-CV-8822 (citing 72 P.S. § 5860.613). Since pursuant to *Marjer*, 09-CV-8822 at 13, "[o]nce U.S. Bank purchased the property at the sheriff's sale it obtained paramount title to the property," the type of tax sale is of not a genuine issue of material fact as to which party ultimately has superior title in the property.

The parties also disagree as to whether U.S. Bank had notice of the tax sale that occurred between plaintiff and Lackawanna County Tax Bureau. Nevertheless, this inquiry about notice has no bearing on U.S. Bank's superior title to the property. Failure of notice to a mortgagee does not vitiate a tax sale. *Plank*, 735 A.2d at 182; *In re Tax Claim Bureau of Lehigh County*, 96 Pa.Cmwlth. 452,456 A.2d 1297 (1986), appeal denied, 514 Pa. 640, 523 A.2d 346 (1987)). Additionally, liens remain on the property in a tax sale irrespective of notice to the lienholder. See *Marjer*, 09-CV-8822 at 12 (citing *Pitti*, 859 A.2d at 528 n.5; *Financial Freedom*, 2011 WL 1744203 at *2; *Plank*, 735 A.2d at 184) (prior mortgage on property not divested at 72 PS § 5860.613 private tax sale). U.S. Bank's lien was therefore not affected by notice or lack thereof of the tax sale, and no genuine issue of material fact exists to this point. See *Marjer*, 09-CV-8822 at 11-12.

---

The property was offered for public sale for delinquent taxes on at least one occasion, Sept. 22, 2009 at the upset tax sale. Plaintiff's complaint and response to motion for summary judgment, and defendant's motion for summary judgment and memorandum in support thereof, say that the tax sale between plaintiff and the Lackawanna County Tax Bureau was a tax sale pursuant to 72 P.S. 5860.613. See also, Tax Claim Bureau Deed (former owner Claudia Ligus, grantor, Tax Claim Bureau of Lackawanna County, Marjer, Inc., grantee) Feb. 24, 2009, recorded Mar. 18, 2009.

U.S Bank's Motion for Summary Judgment

When deciding a motion for summary judgment, the rules require that there be no genuine issues of material fact and that the moving party be entitled to judgment as a matter of law. *Summers v. Certainteed Corp.*, 997 A.2d 1152, 1159 (Pa. 2010). Although under section 607(g) of the Tax Law, after [a tax] sale is confirmed absolutely, a successful bidder such as plaintiff may file an action to quiet title, *Plank*, 735 A.2d at 182, plaintiff's legal conclusions that the assignment was invalid, without more, are not enough for plaintiff to meet his burden of proof that there was a genuine issue of material fact as to an assignment's validity. In *Leone*, the failure to show invalid assignment was enough for the court to grant defendant's motion for summary judgment as to plaintiff's quiet title action. *Leone*, 2012 WL 1268605 (Allegheny Co. Apr. 12, 2012) (internal citations omitted); See also *Simeon*, 2003 WL 25429425 (Phila. Co. Apr. 4, 2003). In the present case, the assignments of the mortgage were valid and made pursuant to the terms of the mortgage agreement. Therefore, this determination of the validity of the instruments and the interpretation of the language is a matter of law suitable for the court to determine. *Smith v. Cumberland Group, Ltd.*, 455 Pa. Super. 276, 284 687 A.2d 1167, 1171 (1997) ("construction and interpretation of contracts is question of law'" citing *I.S. Joseph Company, Inc. v. Michigan Sugar Company* 803 F.2d 396 (1986) ("validity of assignment..., must be determined by court under common law of contract and assuming valid assignment, assignee could enforce...provision in contract entered into by assignor")). Additionally, U.S. Bank had

the authority to purchase the property in the sheriff's sale like assignee in *Ralich*, and the authority to foreclose like in *Ralich*, *GMAC* and *Leone*. Plaintiff has failed to set forth specific facts to demonstrate that a genuine issue of material fact exists as to the extent and validity of the assignment of the mortgage from MERS to U.S. Bank and actions taken pursuant to the mortgage agreement.

To prevail in a quiet title action, plaintiff must demonstrate prima facie title by a fair preponderance of the evidence. *Marjer*, 09-CV-8822, at 9 (citing *Poffenberger v. Goldstein*, 776 A.2d 1037, 1041 (Pa. Cmwlth. 2001)). Possession of the property is a jurisdictional pre-requisite to quiet title. *Marjer*, 09-CV-8822 at 9 (citing *Bride*, 713 A.2d at 111, supra). Plaintiff does not have possession of the subject premises. Instead, U.S. Bank has exclusive possession of it since U.S. Bank obtained superior title to the property in the sheriff's sale. *Marjer*, 09-CV-8822. Without possession, plaintiff is barred from pursuing a quiet title action.

For the reasons stated in this opinion, plaintiff's quiet title action is totally devoid of merit. Without possession, plaintiff cannot bring an action to quiet title. Defendant's motion for summary judgment is granted. Plaintiff's claim is dismissed with prejudice against re-filing. An appropriate order follows.

## ORDER

On this April 5, 2013, U.S. Bank's motion for summary judgment is granted. No genuine issue of material fact exists as to title of the property because:

1. MERS validly assigned the mortgage to U.S. Bank pursuant to its authority as nominee of the mortgagee, with legal title in the exercise of its rights based on the original mortgage assignment it received for decision one, and;

2. As a result of the sheriff's sale between Lackawanna County and U.S. Bank on August 6, 2008, U.S. Bank has superior title to the property and exclusive right to possession.

3. Accordingly, U.S. Bank's motion for summary judgment is granted and plaintiff's complaint dismissed with prejudice against re-filing.