J-A15011-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| MARTIN L. NEWTON | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| RICHARD BENJAMIN AND LESLIE CULLEN | No. 1888 MDA 2016 |

Appeal from the Judgment Entered November 21, 2016
In the Court of Common Pleas of Union County
Civil Division at No(s): 13-CV-748

BEFORE:  MOULTON, J., SOLANO, J., and MUSMANNO, J.

MEMORANDUM BY MOULTON, J.:                **FILED SEPTEMBER 15, 2017**

Martin L. Newton appeals, *pro se*, from the November 21, 2016 judgment entered in the Union County Court of Common Pleas, granting judgment in part for him and in part for Richard Benjamin and Leslie Cullen (collectively, "the Benjamins").[1]  We affirm.

This case involves a land dispute between neighbors with a common boundary line.  Newton owns property located at 133 North Fourth Street, Lewisburg, Union County.  The Benjamins own property located at 131 North Fourth Street, Lewisburg, Union County.  The Benjamins have owned their property since 1992, while Newton took ownership of his property in 2008.

---

[1] The Benjamins have not participated in this appeal.  While their trial attorney, James Lawrence Best, Esquire, entered an appearance on their behalf, Attorney Best neither filed a brief nor appeared at oral argument.

The neighbors have had an acrimonious relationship, during which Newton has asserted that the following items have trespassed on his property: (1) two black walnut trees and other shrubs; (2) a fence on the boundary line, which was maintained by the Benjamins; and (3) a two-foot barricade, installed by the Benjamins in the alleyway between the properties.

Eventually, Newton filed a claim in trespass in magisterial district court. On November 6, 2013, the magisterial district court found in favor of the Benjamins. On November 21, 2013, Newton filed a notice of appeal to the court of common pleas. On December 10, 2013, Newton filed a complaint alleging trespass, which the Benjamins answered on January 24, 2014. Newton subsequently discharged his attorney and, with leave from the trial court, filed an amended complaint on December 22, 2014. In his amended complaint, Newton sought to also quiet title to his property and compel the Benjamins to surrender a forged deed. On January 15, 2015, the Benjamins answered Newton's amended complaint. Newton then sought leave to amend his complaint to attach a notice to defend, which the trial court granted. On May 28, 2015, the Benjamins filed another answer to the amended complaint, this time adding new matter. The Benjamins' new matter included an averment that they possessed an easement by prescription for the fence. Newton answered the Benjamins new matter on June 18, 2015.

On February 1, 2016, Newton filed a motion for summary judgment, to which the Benjamins responded on March 3, 2016. On May 13, 2016, the

trial court denied the motion, noting that the location of the boundary line between the properties was a "factual dispute that ha[d] to be resolved at trial." N.T., 5/13/16, at 5.

On October 3, 2016, the trial court held a non-jury trial. At the beginning of his case-in-chief, Newton argued that the Benjamins' deed was fraudulent and, as such, their deed could not be used to determine the boundary line. N.T., 10/3/16, at 8-9. The trial court ruled that Newton lacked standing to challenge the validity of the Benjamins' deed or the title to their property. *Id.* at 9-10. Throughout the bench trial, Newton asserted not only that he had a right to challenge the title to the Benjamins' property, but also that he had a right to compel the Benjamins' to surrender their allegedly fraudulent deed under Pennsylvania Rule of Civil Procedure 1061(b)(3).[2] *See id.* at 40-42.

During trial, the trial court admitted two surveys into evidence. The first, submitted by Newton, was a survey performed by James Walshaw of Mid-Penn Engineering in 2014 ("the Walshaw survey"). *Id.* at 80. The second, submitted by the Benjamins, was performed by Aldon Troxall in

---

[2] Rule 1061(b)(3) provides that an action to quiet title may be brought "to compel an adverse party to file, record, cancel, surrender or satisfy of record, or admit the validity, invalidity or discharge of, any document, obligation or deed affecting any right, lien, title or interest in land[.]" Pa.R.C.P. 1061(b)(3).

1993 ("the Troxall survey").[3] *Id.* at 117-18.  Newton argued that, although he submitted the Walshaw survey, that survey was actually incorrect because it provided him less than a 34-foot-wide property.  According to Newton, his property was originally two lots, both of which were 17-feet wide.  Newton therefore asserted that he was entitled to a 34-foot-wide property.  The Benjamins argued for the court to accept the Troxall survey, which would mean that the fence separating the parties' properties was set back approximately two feet from the property line.

The trial court concluded that the correct property line was depicted in the Walshaw survey.  N.T., 10/3/16, at 159.[4]  As a result, the trial court found the Benjamins' fence was on the property line, but did not encroach on Newton's property.  *Id.*  The trial court also found that (1) even if the fence did encroach on Newton's property, the Benjamins possessed an easement by prescription for the fence, *id.* at 159-60; (2) the black walnut trees and some shrubs on the Benjamins' land did trespass on Newton's property and ordered that the Benjamins remedy the trespass within 30

---

[3] At trial, Newton introduced two surveys by Walshaw, which were marked as Plaintiff's Exhibits 6a and 6b.  The survey at issue here is Exhibit 6b, as this was the only certified survey admitted by the trial court.  Newton argued that the trial court should consider Exhibit 6a, but the trial court declined, noting that Exhibit 6a was marked as a "retrace" of the Troxall survey and was not certified.

[4] The trial court entered its order orally on the record; this order was later reduced to writing.

days, and, if the Benjamins failed to remove them, Newton would be entitled to remove them himself, *id.* at 160-61; and (3) the "barricade" that the Benjamins erected trespassed on Newton's land and ordered that the Benjamins remove it within 30 days and, if the Benjamins did not remove it, Newton could remove the barricade, *id.*

On October 13, 2016, the Benjamins filed a motion for post-trial relief. On October 19, 2016, Newton similarly filed a motion for post-trial relief. On November 2, 2016, Newton filed a notice of appeal.[5] On November 15, 2016, the trial court granted in part the Benjamins' motion, but only to modify its October 3, 2016 judgment such that "Newton may remove the arborvitae and shrubs located on his property and dispose of them at his own expense and at his discretion." Order, 11/15/16. That same day, the trial court denied Newton's motion. On November 23, 2016, the trial court ordered Newton to file a Pennsylvania Rule of Appellate Procedure 1925(b) statement. On December 14, 2016, Newton filed his Rule 1925(b) statement.

---

[5] Newton's November 2, 2016 notice of appeal was premature, as it was filed before the trial court had ruled on the motions for post-trial relief on November 15, 2016, and before judgment was entered on November 21, 2016. Despite this error, we address Newton's appeal as judgment has been entered after the disposition of the post-trial motions. *See Johnston the Florist, Inc. v. TEDCO Constr. Corp.*, 657 A.2d 511, 513-14 (Pa.Super. 1995).

The trial court[6] did not file a Rule 1925(a) opinion.[7] However, because the trial court placed reasons for its October 3, 2016 order on the record, *see* N.T., 10/3/16, at 156-65, we need not remand for a Rule 1925(a) opinion. *See Cooke v. Equitable Life Assurance Soc'y of the U.S.*, 723 A.2d 723, 727 (Pa.Super. 1999). Accordingly, we address Newton's claims.

Newton raises seven issues on appeal:

1. Whether the court erred by denying summary judgment on each and all of the three (3) individual counts of the motion?

2. Whether the trial court erred in its ruling that [Newton] lacked standing to provide evidentiary proof that the 1905 deed that gave birth to [the Benjamins'] chain of deeds is a forged and fraudulent instrument, and that [the Benjamins'] deed, therefore, constitutes a forged and fraudulent instrument as well?

---

[6] On December 15, 2016, the Benjamins filed a notice of appeal. On December 20, 2016, the trial court ordered the Benjamins to file a Rule 1925(b) statement. The Benjamins never filed a statement and, on January 11, 2017, the trial court ordered the Prothonotary to forward the file to this Court, noting that "it could not write an opinion addressing any issues complained of by [the Benjamins]." Order, 1/11/17. On April 19, 2017, this Court dismissed the Benjamins' cross-appeal for failure to file a brief.

[7] The certified record does not contain an opinion or order from the trial court regarding Newton's errors complained of on appeal. While we understand that the Benjamins' cross appeal may have procedurally complicated the trial court's review and that our review of the record exposed the trial court's reasons for the order, we remind the trial court that it should at least "specify in writing the place in the record where such reasons may be found." Pa.R.A.P. 1925(a)(1).

3. Whether [the Benjamins'] deed constitutes a nullity under [the] Pennsylvania recording statute, 21 [P.S. §§] 351, 444?

4. Whether [the Benjamins'] deed can be used as reference material to create common boundary lines, or to obtain zoning permits, etc.?

5. Whether the court erred by awarding a section of [Newton]'s 17-f[oo]t wide property to [the Benjamins'], after [the Benjamins] stipulated, and after the court acknowledged that [Newton] is entitled to a 17-f[oo]t wide property?

6. Whether the court erred by ordering [Newton], and not [the Benjamins], to repair damaged property, identified by the court, that falls within the area that [the Benjamins] had claimed, barricaded[,] and forcibly controlled for many years.

7. Whether the court erred by failing to apply fact to law relative to the date that [the Benjamins]' perimeter fence was erected on [Newton]'s property?

Newton's Br. at 5-6 (some capitalization, emphasis, and some citations omitted). We address Newton's issues out of order for ease of disposition.[8]

---

[8] Newton's "Summary of Argument" addresses and argues each of these issues. We note that Pennsylvania Rule of Appellate Procedure 2118 instructs that the "summary of argument shall be a concise, but accurate, summary of the arguments presented in support of the issues in the statement of questions involved." Pa.R.A.P. 2118. Instead of developing these issues in his "Argument" section, Newton instead uses this section to accuse the Benjamins of "intentionally . . . and maliciously covet[ing his] property," specifically accusing Richard Benjamin of lying to the tribunal and perpetrating a fraud on the trial court. Newton's Br. at 28. We therefore consider the arguments Newton set forth in his "Summary of Argument" and will not address Newton's "Argument," which contains only "self-serving allegations and legal conclusions." **See Frey v. Frey**, 821 A.2d 623, 629 (Pa.Super. 2003).

First, Newton argues that the trial court erred in preventing Newton from challenging the validity of the Benjamins' deed. According to Newton, a fraudulent deed from 1905 exists in the chain of deeds to the Benjamins' property and that fraudulent 1905 deed renders the Benjamins' deed fraudulent. The trial court determined that Newton lacked standing to challenge the Benjamins' deed because he cannot claim ownership of the Benjamins' property.

We agree with the trial court. It is well settled that an action to quiet title "must be 'instituted by the one in possession, and the finding of this fact is jurisdictional.'" **Bride v. Robwood Lodge**, 713 A.2d 109, 111 (Pa.Super. 1998) (quoting **Hemphill v. Ralston**, 123 A. 459, 460 (Pa. 1924)); **see Buck v. Brunner**, 74 A.2d 528, 528 (Pa.Super. 1950) ("It is only where the *plaintiff* is in possession of land against which a person not in possession makes claim or asserts the title, that an action to quiet title will lie[.]"). Apart from disputing the boundary line, Newton made no claim to possession of the remainder of the Benjamins' land. Therefore, Newton lacked standing to challenge the validity of the Benjamins' deed.

Next, Newton asserts that: (1) the Benjamins' deed is a legal nullity under 21 P.S. §§ 351, 444; (2) the Benjamins' deed could not be "used as reference material to create common boundary lines, or . . . to obtain zoning permits," Newton's Br. at 23, and (3) the trial court "erred by awarding a section of [his] 17-f[oo]t wide property to [the Benjamins], after [the Benjamins] stipulated, and . . . the [trial c]ourt acknowledged that [Newton]

is entitled to a 17-f[oo]t wide property," *id.* at 24. Newton premised all of these arguments on his assertions that the Benjamins' deed is fraudulent. Because we have concluded that Newton lacked standing to challenge the Benjamins' deed, these issues lack merit.[9]

Next, Newton argues that the trial court erred in denying his motion for summary judgment. When reviewing a trial court's denial of summary judgment, our standard and scope of review are as follows:

> [O]ur scope of review is plenary, and our standard of review is the same as that applied by the trial court. Our Supreme Court has stated the applicable standard of review as follows: [A]n appellate court may reverse the entry of a summary judgment only where it finds that the lower court erred in concluding that the matter presented no genuine issue as to any material fact and that it is clear that the moving party was entitled to a judgment as a matter of law. In making this assessment, we view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. As our inquiry involves solely questions of law, our review is *de novo*.
>
> Thus, our responsibility as an appellate court is to determine whether the record either establishes that the material facts are undisputed or contains insufficient evidence of facts to make out a prima facie cause of action, such that there is no issue to be decided by the fact-finder. If there is evidence that would allow a fact-finder to render a verdict in favor of the non-moving party,

---

[9] Further, with respect to Newton's argument that the Benjamins stipulated and the trial court concluded that Newton is entitled to a 17-foot-wide property, the Benjamins specifically stated that they "never stipulated to 17 feet," but rather that Newton's deed says "17 feet, more or less." N.T., 10/3/16, at 64.

then summary judgment should be denied.  With respect to the denial of summary judgment, we review the trial court's denial of summary judgment for an abuse of discretion or an error of law.

***Windows v. Erie Ins. Exch.***, 161 A.3d 953, 956-57 (Pa.Super. 2017) (alterations in original) (internal quotations omitted).

Here, Newton again asserts that the Benjamins' deed is fraudulent.  To the extent that Newton argues that the trial court incorrectly denied summary judgment because it should have considered evidence that allegedly established that the Benjamins' deed is fraudulent and thus "void *ab initio*," we conclude, for the reasons stated above, that the trial court did not abuse its discretion.  To the extent that Newton argues that he was entitled to judgment as a matter of law based on the facts before the trial court at summary judgment, we conclude that the trial court did not abuse its discretion in denying his motion for summary judgment.  The main dispute in this case – the placement of the boundary line between the parties' properties – undoubtedly presented a question of material fact, the resolution of which required the trial court to receive testimony and other evidence.

In his sixth issue, Newton simply asks "[w]hether the [trial] court erred by not ordering [the Benjamins] to repair damages they caused to [Newton]'s property, after they observed that such damages fell within the area that [the Benjamins] had claimed, barricaded[,] and forcibly controlled for years."  Newton's Br. at 26.  However, Newton presents no argument beyond this statement.  Because "[t]his Court will not act as counsel and will

not develop arguments on behalf of an appellant," we conclude that Newton has waived this claim. **Coulter v. Ramsden**, 94 A.3d 1080, 1088-89 (Pa.Super. 2014).

Finally, Newton argues that the trial court "erred by failing to apply fact to law relative to the date that [the Benjamins]' perimeter fence was erected on [Newton]'s property." Newton's Br. at 26. Newton appears to argue that the fence between the properties does not lie on the property line, but rather on Newton's property. Newton asserts that the Walshaw survey shows that a section of the Benjamins' fence was moved over the property line. Newton contends that, as a result, the fence has not been on the joint property line for 21 years and the trial court erred in finding an easement by prescription. We disagree.

Our standard of review in a non-jury civil trial is

> limited to a determination of whether the findings of the trial court are supported by competent evidence and whether the trial court committed error in the application of law. Findings of the trial judge in a non-jury case must be given the same weight and effect on appeal as a verdict of a jury and will not be disturbed on appeal absent error of law or abuse of discretion. When this Court reviews the findings of the trial judge, the evidence is viewed in the light most favorable to the victorious party below and all evidence and proper inferences favorable to that party must be taken as true and all unfavorable inferences rejected. The [trial] court's findings are especially binding on appeal, where they are based upon the credibility of the witnesses, unless it appears that the court abused its discretion or that the court's findings lack evidentiary support of that the court capriciously disbelieved the evidence. Conclusions of law, however, are not binding on an appellate court, whose duty it is to determine whether

there was a proper application of law to fact by the lower court. With regard to such matters, our scope of review is plenary as it is with any review of questions of law.

*Christian v. Yanoviak*, 945 A.2d 220, 224 (Pa.Super. 2008) (internal quotations omitted).

We conclude that the trial court's findings of fact are supported by the record and its conclusions of law were correct. While noting that both Newton and the Benjamins' respective deeds appeared to grant more property to each party than was represented by the Walshaw survey, the trial court found that the Walshaw survey was the best evidence of the boundary line because the Troxall survey did "not have the precision and detail that [] Walshaw's [survey] does." N.T., 10/3/16, at 158. As the trial court correctly noted, although Newton "may not like the certified representations of his expert, . . . the only evidence the Court has is the certified survey of Mr. Walshaw[.]" *Id.* Using the survey Newton introduced at trial, the trial court found that the Benjamins' fence does not encroach upon Newton's property and, even if it did, the Benjamins possessed an easement by prescription because the fence has been there in excess of 21 years. The trial court found that, although the Benjamins turned the fence so that the pickets now face outward, they did not move the fence. *Id.* at 159-60. Because Mr. Benjamin testified that he only turned the fence around and placed it back in the same place, *id.* at 115-16, we discern no abuse of discretion by the trial court.

Order affirmed.

- 12 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/15/2017